IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN THE MATTER OF THE ESTATE    )
OF RICHARD L. DEGROAT,         )     C. A. No. 12738-MZ
deceased.                         )

MASTER'S REPORT

Date Submitted:  September 18, 2017
Final Report:  October 2, 2017

David J. Ferry, Esquire and Brian J. Ferry, Esquire, of FERRY JOSEPH, P.A., Wilmington, Delaware; Attorneys for Plaintiff.

Jason C. Powell, Esquire, of THE POWELL FIRM, LLC, Wilmington, Delaware; Attorney for Defendant.

ZURN, Master

In this estate matter, a child of the decedent's first marriage questions the extent to which the decedent intended to benefit the decedent's second ex-wife. The petitioner alleges that in the decedent's final years, the second ex-wife utilized a power of attorney to name herself beneficiary of several of the decedent's accounts, influenced the decedent to execute a deed to convert co-ownership of real property with the decedent from tenants in common to joint tenants with the right of survivorship, and sold the property and retained all the proceeds while the decedent was still alive.

Pending in this case are the plaintiff's July 3, 2017, motion to compel; the plaintiff's July 5, 2017, motion to amend the complaint; the defendant's August 2, 2017, motion to dismiss; and the plaintiff's August 15, 2017, motion to strike portions of the defendant's deposition errata sheet. Each motion has been fully briefed. This is my final report pursuant to Court of Chancery Rule 144. I recommend the Court grant the motion to amend in part and deny it in part, grant the motion to compel, and deny the motion to strike. I view the motion to dismiss as a motion for summary judgment and defer decision until all parties have presented material pertinent to a dispositive motion.

I.     **Background**[1]

Richard L. DeGroat ("Decedent") and Jan DeGroat married in or around 1954 and had five children: Plaintiff R. Michael DeGroat ("Michael"), Thomas S. DeGroat, Carroll L. Iacovetti, Brian C. DeGroat, and Andrew J. DeGroat. Jan[2] and Decedent divorced, and Decedent married Defendant Lucinda Papa in 1977. Decedent and Lucinda divorced in 2008. Lucinda is currently married to Michael Ziatyk ("Ziatyk").

In 2001, seven years before Lucinda and Decedent divorced, Lucinda and Decedent purchased a home at 3 Somerset Lane, Newark, DE 19711 ("the Property") for $350,000.00, which they owned as tenants by the entirety. Lucinda and Decedent's 2008 divorce converted that ownership into tenancy in common. They divorced without any written divorce decree or agreement addressing their property.

On January 11, 2012, Decedent executed a will that gave a specific gift of personal property to Decedent's granddaughter, and divided the remaining estate among Decedent's five children. The will states:

I direct the executor to sell my real estate for such price and upon such terms and credits as my Executor deems proper. I further authorize

---

[1] Unless noted otherwise, the facts recited in this opinion are based on the allegations of the plaintiff's proposed Amended Complaint.

[2] In this family dispute, I use first names in pursuit of clarity and intend no disrespect.

and direct the Executor to institute any partition action necessary to sever any interests I have with my ex-wife Lucinda P. DeGroat.[3]

The will names Michael as Decedent's executor.

Michael alleges that Lucinda learned about this will and induced Decedent to execute a power of attorney naming Lucinda as agent on December 2, 2013. Michael alleges Lucinda improperly used this power of attorney to designate herself as beneficiary of several of Decedent's investment accounts and life insurance policies. Michael contends Decedent intended for those assets to pass to his children, grandchild, and first wife Jan. Michael also alleges that Lucinda moved Decedent out of the Property to an assisted living facility and renovated the Property using Decedent's funds, without his consent or authorization. On October 1, 2014, the Property sold for $445,640.00. Michael alleges Lucinda kept all of the $402,361.72 in proceeds from the sale.

Lucinda contends that when she and Decedent divorced, they agreed that Lucinda should receive many of Decedent's assets, including investment accounts and life insurance policies, and that Lucinda (who was substantially younger than Decedent) would assist Decedent as he aged. Lucinda also contends that she and Decedent agreed she should renovate the Property and keep the proceeds from its sale.

---

[3] Am. Compl. Ex. A Art. 3.

3

Decedent passed away, unmarried, on June 14, 2016. Under the terms of Decedent's will, Michael was appointed executor of Decedent's estate. Michael approached Lucinda regarding Decedent's assets, and Lucinda provided an extensive response stating she and Decedent had agreed Decedent would give Lucinda his retirement accounts and funds from the sale of the house, and Lucinda would care for Decedent as needed.[4] Lucinda's response did not satisfy Michael, and Michael filed a complaint on September 9, 2016.

Count I of Michael's complaint asserts Lucinda breached her fiduciary duties as Decedent's agent and asks the Court to invalidate Lucinda's transfers or retitling of assets. Count II seeks an accounting of Lucinda's actions under the power of attorney. Count III seeks a constructive trust over assets Lucinda allegedly improperly obtained, and Count IV seeks return of those assets under a theory of unjust enrichment. Michael initiated this action in his personal capacity and as executor of Decedent's estate. On November 11, 2016, Lucinda answered and counterclaimed for the costs she expended in assisting Decedent. Michael answered the counterclaim on November 18, 2016. The parties engaged in discovery.

---

[4] Amended Cplt. Ex. B.

4

Beginning in July 2017, the parties filed and briefed the pending motion to compel, motion to amend the complaint, motion to dismiss, and motion to strike. This is my final report.

## II. Analysis

  *a. I recommend the Court grant Plaintiff's motion to amend the allegations and to add Ziatyk as a defendant, but deny it as to adding Jan and Carroll as plaintiffs.*

With the benefit of discovery, Michael seeks to amend his complaint to specify bank accounts and transactions underlying Lucinda's alleged wrongful acts; to add Jan and Carroll as plaintiffs because they were beneficiaries of certain of Decedent's accounts and policies before Lucinda named herself as beneficiary; and to add Ziatyk as a defendant because he allegedly benefitted from Lucinda's misappropriation of Decedent's funds.

The requested amendment also alters Michael's allegations regarding the retitling of the Property. The redline comparing Michael's proposed amended complaint to the original complaint highlights this change:

> 5. In spite of the fact that they had been divorced for many years and that Mr. DeGroat specifically excluded Lucinda from any inheritance, upon information and belief, Lucinda influenced Mr. DeGroat into <u>executing a new deed to his home on January 29, 2013 and also</u> executing a Power of Attorney naming <u>Lucinda</u> as Agent on December 2, 2013. … .
> …
> 11. Mr. DeGroat refused to voluntarily retitle or transfer any of his assets to Lucinda. <u>He did not voluntarily allow her to change his</u>

5

accounts and policies to name herself as the primary beneficiary. ~~He did allow her to retitle the ownership of the Property as a joint tenancy, but~~ He did not allow her to take 100% of the proceeds when ~~the home~~ the Property at 3 Somerset Lane was sold.[5]

In opposing Michael's motion to amend, Lucinda contends Michael's attempt to add Jan and Carroll as plaintiffs is designed to rescue his case from dismissal due to lack of standing, under the theory that none of the disputed assets ever belonged to Michael or the estate. Lucinda asserts neither Jan nor Carroll has any knowledge of the allegations in the proposed amended complaint. Lucinda also claims the proposed amendments are futile, on two grounds: the amendments do not repair Michael's lack of standing, and the allegations of undue influence are insufficient to state a claim and are disproven by the evidence. Lucinda also argues the proposed amendments are prejudicial because they withdraw Michael's concession in the original complaint that Decedent allowed Lucinda to retitle the Property as a joint tenancy. Finally, Lucinda claims the proposed amendments are untimely. Lucinda does not explicitly oppose adding Ziatyk as a defendant.

Court of Chancery Rule 15(a) provides that leave to amend a pleading shall be freely given when justice so requires.

> This determination is a matter of the court's discretion. Rule 15(a) reflects the modern philosophy that cases are to be tried on their merits, not on the pleadings. Therefore, courts generally will not test the sufficiency of the pleadings in ruling on a motion to amend. A motion to amend may be denied, however, if the amendment would be

---

[5] Mot. to Amend Ex. A.

6

futile, in the sense that the legal insufficiency of the amendment is obvious on its face. In exercising its discretion, the court also considers factors such as bad faith, undue delay, dilatory motive, repeated failures to cure by prior amendment, undue prejudice, and futility of amendment.[6]

Rule 15 instructs me to evaluate pleadings on their face: a motion to amend is not the time to test pleadings against evidence that may have been collected during discovery. I therefore do not consider Lucinda's arguments that she can disprove the allegations of undue influence and incapacity, without prejudice to Lucinda's ability to renew these arguments in a dispositive motion or at trial.

The question remains whether the proposed amended complaint is futile because of obvious legal insufficiency. The proposed amended complaint alleges that in 2013, Lucinda influenced Decedent into executing a new deed to the Property naming Lucinda and Decedent as joint tenants with right of survivorship, and also a power of attorney naming Lucinda as agent. It also alleges Lucinda moved Decedent out of the Property, sold it in 2014 by signing Decedent's name, and kept all of the proceeds. Lucinda claims the proposed amended complaint fails to plead undue influence and legal incapacity, and therefore is futile.

I do not believe Michael's claims rely on undue influence or legal incapacity. Even if the power of attorney were valid, Lucinda's alleged actions

---

[6] *NACCO Indus., Inc. v. Applica Inc.,* 2008 WL 2082145, at *1 (Del. Ch. May 7, 2008) (internal citations and quotation omitted).

7

thereunder – including designating herself as beneficiary, signing Decedent's name on the deed selling the Property, and retaining the proceeds from the sale – could still have breached her fiduciary duty. And even if Lucinda and Decedent intended to jointly own the Property, Lucinda may not have been entitled to keep all of the proceeds from the sale, which occurred before Decedent passed away. I therefore conclude that even assuming the proposed amended complaint failed to plead undue influence or incapacity, the proposed amendment would not be futile.[7]

Lucinda also asserts the motion to amend should be denied because the proposed addition of Jan and Carroll as plaintiffs is an improper attempt to avoid dismissal due to Michael's lack of standing. Lucinda contends Michael lacks standing to contest the beneficiary designations on accounts for which Michael was never the beneficiary. Lucinda also contends Michael lacks standing to challenge the retitling and sale of the Property because Michael's initial complaint conceded that the retitling was appropriate, and because that retitling permitted Lucinda to keep all proceeds from the sale. Michael responds that at a minimum, he has standing as executor and beneficiary of Decedent's estate, which is seeking half the

---

[7] I do not resolve here whether the amended complaint adequately pleads undue influence or incapacity. Lucinda questioned the pleadings in an attempt to show the amended complaint was futile. I conclude it was not because undue influence or incapacity may not be a necessary part of Michael's proof.

proceeds from the Property's sale and funds in some bank accounts that would have passed to the Estate but for Lucinda naming herself as beneficiary.

Michael has statutory standing to seek an accounting for Lucinda's transactions conducted under a power of attorney and to determine her liability as agent because he is the child of the principal and personal representative and a beneficiary of the principal's estate.[8] Michael could still pursue a claim that Lucinda misappropriated Decedent's share of the Property proceeds pursuant to the power of attorney even if Lucinda were a legitimate joint owner. Michael's standing does not depend on whether Michael conceded that the Property was properly jointly titled.

Lucinda also asserts undue prejudice from Michael's proposed withdrawal of his original allegation that Decedent allowed Lucinda to retitle the Property as joint tenants. Michael responds that the proposed amended claims and relief sought are identical to those in the original complaint, so the amendment cannot be prejudicial. While I appreciate that Michael seeks to alter his position with regard to the retitling of the Property, Lucinda has failed to show how that change would unduly prejudice her. As the briefing makes clear, she and Michael have already taken discovery with regard to how the Property was retitled, Decedent's capacity

---

[8] 12 *Del. C.* § 49A-116(b)(2), (3); *id.* § 114(g).

at that time, and the extent to which Michael knew the Property was being retitled.[9]

The stipulated scheduling order entered on September 27, 2017, extends fact discovery based on the outcome of Michael's motion to amend. With trial not scheduled until December, Lucinda may rightfully request additional discovery on the retitling. While the proposed amendment means Lucinda must now prove what was previously conceded, it appears Lucinda is prepared to do so. Presumably, Michael feels prepared to prove the opposite.

I take instruction from *NAACO Industries, Inc. v. Applica Inc.*, in which defendants opposed a motion to amend on the theory that the plaintiffs "engaged in strategic posturing" because the proposed amendment "omitt[ed] facts contained in the first … complaint that contradict their claims."[10] This Court found justice would be served by amendment, in part because "[n]othing suggest[ed] the plaintiffs wrongfully omitted facts from their first … complaint that were obviously important to their claims, or attempted to either delay the litigation or force the defendants to incur additional costs."[11] I come to the same conclusion in

---

[9] Def. Obj. to. Mot. to Amend at 25 (citing Michael's testimony as support for the statement that Michael was aware Lucinda actively participated in maintaining Decedent's real estate, and that her assistance was much appreciated by Decedent and his children); *id.* at 27 (citing Michael's testimony as support for statements that the Property was retitled during a time period when Decedent was adequately handling his own affairs, that Michael was aware the Property would be retitled and discussed it with Decedent, and that Michael was invited to attend the deed signing); *id.* at 38 (citing testimony by Michael and Carroll as to Decedent's capacity at the time the Property was retitled).

[10] 2008 WL 2082145, at *2.

[11] *Id.*

this case. Justice requires allowing the now-disputed retitling to be evaluated based on the evidence, which may include the fact that Michael changed his position.

Lucinda also opposes Michael's proposed amendment to add Jan and Carroll as plaintiffs. Michael alleges that discovery revealed Jan and Carroll were beneficiaries of some of Decedent's accounts before Lucinda made herself the beneficiary, so it is now necessary to add Jan and Carroll as plaintiffs. Lucinda contends that Jan and Carroll do not have the requisite personal knowledge of all the allegations in the proposed amended complaint. Michael's reply does not address this objection.

Court of Chancery Rule 3(aa) requires that all complaints be verified "by each of the parties filing such pleading" to indicate that the matter contained in the complaint "so far as relates to the act and deed of any other person, is believed by the party to be true."[12] A party wishing to demonstrate insufficient verification must do so by "clear evidence."[13] Jan and Carroll did not sign verifications in support of the proposed amended complaint; only Michael did.[14] The record indicates the missing verifications may be both technical and meaningful, at least

---

[12] *See Bessenyei v. Vermillion, Inc.*, 2012 WL 5830214, at *2 (Del. Ch. Nov. 16, 2012) ("All complaints and comparable pleadings filed in this Court must be accompanied by a notarized verification *for each named plaintiff*, attesting to the correctness and truthfulness of the filing.") (citing Wolfe & Pittenger, § 4.01, at 4–2) (emphasis added).

[13] *Dias v. Purches*, 2012 WL 4503174, at *3-4 (Del. Ch. Oct. 1, 2012).

[14] Mot. to Amend Ex. A.

11

with regards to Jan. On July 13, 2017, after Michael moved for leave to file the proposed amended complaint, Jan gave deposition testimony that she had been told her "name was removed from an account and changed to [Lucinda's] name," and that Jan's only knowledge of Jan's participation in the lawsuit was as a deponent.[15] She also testified that she has no knowledge of the retitling of the Property.[16] Carroll testified in May 2017 that she had no personal knowledge of anyone unduly influencing Decedent after 2010.[17]

Lucinda has met her burden of providing clear evidence that Jan did not and could not verify the proposed amended complaint. The record regarding Carroll's absent verification is sparser, but the verification remains missing. Michael's reply brief is silent on this issue. I conclude that Jan and Carroll may not be added as plaintiffs via the proposed amended complaint because they did not verify it. I recommend denying the motion to amend as to the proposed addition of Jan and Carroll as plaintiffs.

Finally, I turn to Michael's request to amend his complaint to add Ziatyk as a defendant. Michael alleges discovery revealed that Lucinda misappropriated Decedent's funds, directed those funds to a bank account accessible to Ziatyk, and used those funds to repair and renovate a property owned jointly by Lucinda and

---

[15] Def. Obj. to Mot. to Amend D, Deposition of Jan DeGroat, 105:12-107:4.
[16] *Id.*
[17] *Id.* Ex. F, Deposition of Carol Iacovetti, 49:3-15.

Ziatyk, and to pay off a home equity line of credit secured by that property. Michael's proposed amended Count III seeks a constructive trust over assets obtained by both Lucinda and Ziatyk, and Count IV asserts both Lucinda and Ziatyk were unjustly enriched. Lucinda did not specifically object to the proposed addition of Ziatyk as a defendant or claim any prejudice therefrom.

Court of Chancery Rules 19 and 20 govern the joinder of additional defendants. Rule 19(a)(2) provides that a party should be joined, if subject to service of process and if joinder will not deprive the Court of jurisdiction, if

> the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

If the Court determines that a party should be joined, the Court may implicitly conclude that party was subject to service within the requirement of Rule 19.[18] A defendant may be joined under Rule 20 if a right to relief is asserted against him arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. The provisions for permissive joinder under Rule 20 "are very broad

---

[18] *Hughes Tool Co. v. Fawcett Publ'ns, Inc.*, 350 A.2d 341, 345 (Del. 1975).

and the court is given discretion to decide the scope of the civil action and to make such orders as will prevent delay or prejudice."[19]

I conclude Ziatyk is a necessary party under Rule 19 and should also be permissively joined under Rule 20. Michael seeks return of all funds Lucinda allegedly misappropriated, and alleges that discovery indicates much of those funds are accessible by or benefitted Ziatyk. Disposing of this action without Ziatyk may practically impede Ziatyk's ability to protect his interest in those funds, under Rule 19. In addition, the relief sought against Ziatyk arises out of the same series of transactions or occurrences underlying Lucinda's alleged misappropriation, supporting permissive joinder under Rule 20.

In conclusion, I recommend granting Michael's motion to amend in part and denying it in part. I conclude Michael's proposed amended complaint is not futile: any deficiency in pleading undue influence or incapacity is not fatal to Michael's claims, and Michael has statutory standing so the amendments are not a futile attempt to avoid dismissal due to lack of standing. I also conclude the proposed amendments do not cause undue prejudice, as Lucinda has already conducted discovery on the issues Michael seeks to raise and time remains for her to further build her defense. However, I recommend denying Michael's request to add Jan and Carroll as plaintiffs due to the absence of their verifications and evidence that

---

[19] *Quereguan v. New Castle County*, 2006 WL 2925411, at *2 (Del. Ch. Sept. 20, 2006).

14

Jan's verification may be absent because she lacks personal knowledge of the complaint's allegations. Finally, I recommend permitting amendment to add Ziatyk as a defendant.

> b. *Lucinda's motion to dismiss shall be treated as a motion for summary judgment and the parties shall be given the opportunity to present all pertinent material.*

Lucinda asks the Court to dismiss Michael's claims for failure to state a claim via a document titled a motion to dismiss. Lucinda motion relies extensively on deposition testimony and documents produced during discovery. Michael's counsel submitted an affidavit stating he could not fully respond to Lucinda's motion because discovery, including depositions, document requests, and motion practice, was still ongoing. I conclude that because Lucinda's motion relies on material outside the pleadings, it must be treated as a motion for summary judgment and the parties must be given the opportunity to present all material made pertinent to such a motion.[20]

Pursuant to the September 27, 2017, stipulated scheduling order, Michael must file any dispositive motion within ten days after the Court's ruling on the pending motions. The scheduling order is silent as to when Lucinda must file any dispositive motion. Lucinda shall file any additional pertinent material in support

---

[20] *See* Ct. Ch. R. 12(b).

of her motion for summary judgment within ten days of this report becoming a final Court order.[21]  I trust the parties can agree on a briefing schedule thereafter.

### c. I recommend the Court grant the motion to compel.

Michael's proposed Amended Complaint alleges that in 2012, Decedent executed a new will to specifically disinherit Lucinda, that Lucinda discovered the terms of that will, and that Lucinda proceeded to appropriate Decedent's assets, including by influencing Decedent into executing a new deed to the Property that named Decedent and Lucinda as joint tenants with rights of survivorship instead of as tenants in common.  Michael alleges Thomas Ferry, Esquire, represented Lucinda in 2012 and 2013, and assisted Lucinda and Decedent with retitling the Property via a deed dated January 23, 2013.  Michael moved to compel production of Mr. Ferry's file, arguing Lucinda placed her communications with Mr. Ferry at issue by testifying about them, that Mr. Ferry witnessed the deed such that his communications about it are not privileged pursuant to Delaware Rule of Evidence 502(d)(5), and that Lucinda waived the privilege by sharing communications with Mr. Ferry in document production and at her deposition.

Lucinda asserts privilege over Mr. Ferry's file pertaining to his representation of Lucinda alone, but states she has permitted the production of all

---

[21] *See Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1288 (Del. 2007) (holding that a trial court that has converted a motion to dismiss to one for summary judgment must give the parties at least ten days' notice).

documents relating to Mr. Ferry's representation of both Lucinda and Decedent.  In an affidavit, Mr. Ferry stated he represented Lucinda "on or about December 2012," that Decedent terminated his attorney-client relationship with a different attorney "on or about the end of December," and that "[f]rom that point forward, [Mr. Ferry] represented Lucinda … and communicated directly with [Decedent] in connection with the execution of a deed for real property until the conclusion of my engagement at the end of January, 2013."[22]  Michael replies that Lucinda's attempt to divide Mr. Ferry's representation into date periods is imprecise and arbitrary, and does not defeat the fact that Lucinda put the communications at issue, that Mr. Ferry witnessed the deed, and that Lucinda waived the privilege.

> The at issue exception is based on principles of waiver and fairness intended to ensure the party holding the privilege cannot use it both offensively and defensively.  A party places her attorney-client communications at issue by (1) injecting the attorney-client communication into the litigation or (2) injecting an issue into the litigation, the truthful resolution of which requires an examination of attorney-client communications. [23]

The first prong usually applies when a party asserts lawyer-client privilege to protect a communication and then later seeks to admit that same communication as evidence.[24]

> The second prong is whether a party injects an issue into the litigation, the truthful resolution of which requires an examination of

---

[22] Def. Obj. to Mot. to Compel Ex. B, ¶¶ 2-4.
[23] *Princeton Ins. Co. v. Vergano*, 883 A.2d 44, 59-60 (Del. Ch. 2005).
[24] *In re Comverge, Inc. S'holders Litig.*, 2013 WL 1455827, at *3 (Del. Ch. Apr. 10, 2013).

confidential privileged communications. A party may not make bare factual assertions, the veracity of which are central to the resolution of the parties' dispute, and then assert the attorney-client privilege as a barrier to prevent a full understanding of the facts disclosed. In other words, a party cannot raise an issue that the party can only prove by examining confidential communications, and then attempt to shield those communications from discovery as privileged.[25]

In her deposition, Lucinda defended the 2013 deed by asserting she and Decedent were following Mr. Ferry's instructions. Lucinda testified that Mr. Ferry told her and Decedent that their joint ownership of the house "disappeared" after their divorce, and that upon learning that, she and Decedent agreed to restore joint ownership.[26] Lucinda said Mr. Ferry also explained to her that half the sale proceeds of the house would go to Lucinda and half would go to Decedent's estate.[27] She testified that Mr. Ferry told her that Mr. Ferry could represent both Lucinda and Decedent in the deed preparation so long as Decedent was not otherwise represented by counsel.[28] Lucinda explained, "Tom Ferry was going to take two people who wanted to do a very simple thing and take care of it. … There was nothing nefarious about this."[29] She stated that Decedent obtained a competency evaluation because Mr. Ferry required it as "a matter of course for him" for clients "of a certain age."[30] Lucinda testified that after Decedent got the

---

[25] *Id.* (internal quotation and citations omitted).
[26] Mot. to Compel Ex. D, Deposition of Lucinda Papa, at 162.
[27] *Id.* at 187.
[28] *Id.* at 118, 190.
[29] *Id.* at 191.
[30] *Id.* at 93; *see also id.* at 170, 195-96.

competency letter, Lucinda wrote Mr. Ferry and said, "Richard has it now so we can set an appointment to just correct this issue."[31]

Lucinda's explanation as to how she learned she no longer had an interest in the Property, why Decedent obtained a competency evaluation, and the circumstances under which the January 2013 deed was executed, relies heavily on Mr. Ferry's alleged advice to Lucinda. Lucinda injected Mr. Ferry's representation into the litigation, and the veracity of Lucinda's factual assertions may only be fully understood by examining Mr. Ferry's file. Under the second prong of the "at issue" exemption, Lucinda may not assert Mr. Ferry's advice and direction as an explanation for her conduct without permitting Michael to inquire into that advice. This is true for any time period preceding execution of the deed.[32] Because Lucinda placed all her communications about the deed with Mr. Ferry at issue, I need not determine the applicability of Delaware Rule of Evidence 502(d)(5) or whether Lucinda waived the privilege by producing some documents. I recommend the Court grant Michael's motion to compel.

---

[31] *Id.* at 169.

[32] I am not convinced by Lucinda's attempt to divide Mr. Ferry's file regarding the deed into periods of representation. Lucinda offers no specific date when Mr. Ferry began to represent Decedent, and does not consistently assert privilege according to date. *See* Mot. to Compel Exs. C, E (producing and withholding different documents dated December 24, 2012). The parties do not dispute that Lucinda's more recent communications with Mr. Ferry on a different subject are privileged.

*d.  I recommend the Court deny the motion to strike.*

Michael moved to strike portions of Lucinda's deposition errata sheets, claiming "at least" twenty-six of her changes are substantive and material.[33] Michael contends Lucinda's errata sheets are improper under Court of Chancery Rule 30(e) and the sham affidavit doctrine, which federal courts have used to evaluate similar disputes.[34] Lucinda responds that Michael's accusations are too general and vague, and fail to show that Lucinda's changes are material, substantive and contradictory to the deposition testimony as would be required under the sham affidavit doctrine.

Court of Chancery Rule 30(e) contemplates "[a]ny changes in form or substance which the witness desires to make."

> The Delaware Supreme Court has yet to endorse or define the proper application of the sham affidavit doctrine.  To the extent the doctrine may be recognized in Delaware, it would require the Court to find certain elements before striking an affidavit or part thereof:  (1) prior sworn deposition testimony; (2) given in response to unambiguous questions; (3) yielding clear answers; (4) later contradicted by sworn affidavit statements or sworn errata corrections; (5) without adequate explanation; and (6) submitted to the court in order to defeat an otherwise properly supported motion for summary judgment.[35]

---

[33] Mot. to Strike at 2, 3.

[34] *See Donald M. Durkin Contracting, Inc. v. City of Newark*, 2006 WL 2724882, at *5 (D. Del. Sept. 22, 2006).

[35] *In re TPC Group Inc. S'holders Litig.*, 2014 WL 1394369, at *2 (Del. Ch. Apr. 10, 2014) (citing *Cain v. Green Tweed & Co., Inc.,* 832 A.2d 737, 741 (Del. 2003) ("We need not address the validity or scope of the [sham affidavit] doctrine, because we find it to be inapplicable in this case.")) (internal quotation omitted).

Even if the sham affidavit doctrine applies, Michael has not satisfied each criterion for each of Lucinda's changes to which he objects. Michael simply lists changes without argument as to why each question was ambiguous, why each original answer was unclear, and how each change is contradictory. Lucinda's changes were timely and twenty-two of the listed twenty-six changes were submitted before Michael filed his dispositive motion. In the face of Rule 30(e)'s permission to make substantive changes, I recommend the Court deny Michael's conclusory motion. Michael may refer to the original testimony and errata sheets on summary judgment or at trial.[36]

## III.    **Conclusion**

For the foregoing reasons, I recommend this Court grant Michael's motion to amend the allegations and to add Ziatyk as a defendant, but deny it as to adding Jan and Carroll as plaintiffs; grant Michael's motion to compel; and deny Michael's motion to strike. I defer decision on Lucinda's dispositive motion until all parties have had the opportunity to present all pertinent material.

Respectfully,

*/s/ Morgan T. Zurn*

Master in Chancery

---

[36] *See id.* at *3 n.19.